IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |
| FLEMING COMPANIES, INC., *et al.* | ) | Adversary Proceeding |
| Plaintiffs, | ) | Case No. 04-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| Bernatello's Pizza Inc | ) | |
| Defendant. | ) | |
| | ) | |

**FLEMING'S COMPLAINT AGAINST BERNATELLO'S PIZZA INC**

---

[1] The Debtors are the following entities:  Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

By and for their Complaint against Defendant Bernatello's Pizza Inc, Plaintiffs Fleming Companies, Inc., et al., allege as follows:

## PARTIES

1.    Plaintiffs Fleming Companies, Inc., and numerous related entities ("Fleming" or "Debtors") filed voluntary petitions for bankruptcy under Chapter 11, Title 11 of the United States Bankruptcy Code, before this Court on April 1, 2003 (the "Petition Date").  Fleming has continued to manage and operate its business and properties as a Debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  Fleming is an Oklahoma corporation with its headquarters and principal place of business located at 1945 Lakepointe Drive, Lewisville, Texas.  As of the Petition Date, Fleming was in the business of wholesale and retail distribution of consumable goods.

2.    Defendant Bernatello's Pizza Inc ("Defendant") is a vendor that supplied goods to Debtors.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this complaint pursuant to Sections 157 and 1334 of Title 28 of the United States Code in that this action constitutes a civil proceeding arising out of or related to Fleming's chapter 11 case under the Bankruptcy Code, which is now pending in the United States Bankruptcy Court for the District of Delaware.

4.    This civil proceeding qualifies as a core proceeding under sections 157(b)(2)(A), (B),(F),(H) and (O) of Title 28 of the United States Code.

5.    Venue is appropriate under 28 U.S.C. § 1409(a).  Additionally, venue in the Bankruptcy Court for the District of Delaware is proper because this Court has exclusive jurisdiction over the property of the estate.  28 U.S.C. § 1334(e).

## COUNT ONE:  DECLARATORY RELIEF RE PRIORITY OF RECLAMATION CLAIMS

6.     Fleming repeats and re-alleges paragraphs 1 through 5 above as though fully set forth herein.

7.     As of the Petition Date, Fleming acted as a wholesaler and distributor for Defendant's products to retailers throughout the United States.

8.     Defendant claims to have sold and delivered to Fleming certain goods ("the Goods").  The attached Exhibit A more specifically describes the Goods and the timing of their delivery to Fleming.  Defendant is in possession of additional detailed information related to its sales and deliveries, a copy of which was previously provided by defendant to Debtors.

9.   On or about 4/2/2003, Defendant made a demand upon Fleming for return or reclamation of the Goods.  In its demand, Defendant asserted a reclamation right for the Goods valued in the amount of $63,887.22.  (As described further below, based on currently available information, Debtors estimate the true value of the Defendant's claim is $0.00.)

10. As a result of Debtors' standard storage practices, the Goods were irretrievably commingled with Fleming's general inventory pool before Defendant demanded their return.  Accordingly, the Goods are no longer capable of being specifically identified for return.

11. Pre-petition, various banks and other lenders (the "Lenders") had entered into a June 18, 2002 agreement with Fleming known as the "Credit Agreement."  Under that Credit Agreement, Fleming's Lenders made loans and advances to Fleming, and issued or caused to be issued letters of credit on Fleming's behalf.

12. Pursuant to the Credit Agreement, the Lenders have a secured, first-priority claim over Fleming's general inventory pool with which the Goods have been commingled.  As of the Petition Date and the date of Defendant's reclamation demand, the total amount of the Lenders' secured claim over Fleming's general inventory pool was approximately $609 million.  A number of entities besides Defendant have asserted reclamation rights with respect to Fleming's general inventory pool with which the Goods were commingled.  The aggregate amount of all

reclamation claims that have been asserted against Fleming to date is approximately $280.4 million.

13. The total amount of the Lenders' secured claim as of the Petition date (for over $600 million) therefore exceeds the aggregate value of all reclamation claims that have been asserted against Fleming to date (totaling approximately $280.4 million), vastly exceeds Defendant's individual reclamation claim for $63,887.22, and even exceeds the value of the general inventory pool.

14. Fleming's Wholesale business inventory has been liquidated.  Lenders have demanded payment of the proceeds of their inventory collateral to satisfy their secured claim. Such proceeds are less than the amount of Lenders' secured claim.

15. Fleming contends that because Lenders' secured claim exceeded the value of the specific goods that Defendant has claimed to be subject to reclamation, Defendant's reclamation claim is not entitled to priority under 11 U.S.C. § 546(c).  Defendant disagrees.  Therefore, an actual controversy has arisen and now exists between Fleming and Defendant as to whether Defendant's reclamation claim is entitled to priority.  Fleming's interests and Defendant's interests are adverse, and are of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

16. In addition to the issue of priority, Defendant's reclamation claim must be reduced to $0.00 when the reclamation claim principles annunciated in *In re Continental Airlines, Inc.*, 125 B.R. 415, 517 (Bankr. D. Del. 1991) and *In re Braniff*, 113 B.R. 745, 751 (Bankr. M.D. Fla. 1990) are applied.  A summary of Debtors' analysis of Defendant's claim in light of these cases is supplied in the attached Exhibit A, and a detailed report was provided to Defendant in conjunction with Debtors' Combined Amended Reclamation Report and Motion to Determine that Reclamation Claims are Valueless, filed November 25, 2003.

17. Fleming therefore seeks a judicial determination of its rights and duties with respect to the reclamation rights that Defendant has asserted.  In particular, Fleming seeks a declaration that (1) Defendant is unable to establish an essential element of its reclamation claim because the

commingling of the Goods with Fleming's general inventory pool rendered Defendant's Goods untraceable and therefore incapable of return; (2) any proceeds from the sale of Goods are untraceable and therefore incapable of return; (3) the reclamation rights that Defendant has asserted are not entitled to priority under Section 546(c) of the Bankruptcy Code; (4) Defendant should take nothing on its reclamation claim in light of its inability to establish an essential element of its claim, as well as the amount and priority of the secured loans made under the Credit Agreement; and, if the Court determines that the Defendant has established all elements of its reclamation claim, then (5) Defendant's reclamation claim is no greater than $0.00.

## COUNT TWO -- TO AVOID PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

18.     Fleming repeats and re-alleges paragraphs 1 through 17 above as though fully set forth herein.

19.     Within ninety days of the Petition Date, from January 1, 2003 through March 31, 2003 (the "Preference Period"), Fleming made numerous transfers to Defendant.  The value of these transfers totaled approximately $321,608.39 (the "Transfers").  A list of the Transfers is attached hereto as Exhibit B.

20.     At the time of each of the Transfers, Defendant was a creditor of the Debtors, and each of the Transfers was made on account of an antecedent debt owed by the Debtors to Defendant before the Transfer was made.

21.     The Transfers were made while Fleming was insolvent, as Fleming was insolvent for the duration of the Preference Period.

22.     As a result of the Transfers made by Fleming to Defendant during the Preference Period, Defendant was able to receive more than Defendant would have received if Fleming's Chapter 11 case had instead been brought under Chapter 7 of the Bankruptcy Code, the payments had not been made, and Defendant had received payment for these debts to the extent provided by Title 11 of the United States Code.

23.     While reserving all rights, and continuing to maintain that Defendant bears the burden to prove all requisite elements of the potentially available defenses under 11 U.S.C. §

547(c), Fleming states that it has performed a preliminary calculation of the potentially eligible "new value" that Defendant may seek to assert as a defense to avoidance of the Transfers under 11 U.S.C. § 547(c)(4). The potentially eligible new value is $277,146.19, leaving $44,462.20 as the Preferential Transfers subject to avoidance and recovery by Fleming.

24.    Fleming further acknowledges that Defendant may contend that certain of the Transfers were made within the "ordinary course of business" as contemplated by 11 U.S.C. § 547(c)(2). Fleming acknowledges this defense, and is presently analyzing its records to assess its impact, but is presently unable to accurately determine the extent to which the ordinary course defense will shield recovery from Defendant of Transfers. Fleming intends to continue its analysis and seek discovery from Defendant at the appropriate time.

25.    Accordingly, Fleming is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Preferential Transfers are avoided in their entirety.

## COUNT THREE-- RECOVERY OF AVOIDED PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 550

26. Fleming repeats and re-alleges paragraphs 1 through 25 above as though fully set forth herein.

27. As alleged above, Fleming is entitled to avoid the Preferential Transfers under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Preferential Transfers, Fleming is entitled to recover them under 11 U.S.C. § 550.

## COUNT FOUR -- BREACH OF CONTRACT REGARDING DEDUCTIONS

28.    Fleming repeats and re-alleges paragraphs 1 through 27 above as though fully set forth herein.

29.    Fleming and Defendant entered into contracts for numerous different vendor programs and business arrangements. Some of these programs and arrangements consisted of systematic rebates and/or accounting accruals which would encourage Fleming and/or retailers to market Defendant's products (the "Deduction Programs").

30.     At all relevant times, Fleming has substantially complied with its obligations under the Deduction Programs, or has been excused from such compliance.

31.     Defendant has failed to make payment and/or otherwise provide compensation to Fleming for sums due under the Deduction Programs in the amount of $58,125.20 for pre-petition transactions and $17,104.32 for post-petition transactions.  Detail regarding these transactions is attached hereto as Exhibit C.  As a result of Defendant's failure to pay Fleming these amounts, Fleming has suffered damage in an amount to be shown at trial, but in no event less than $75,229.52.

**WHEREFORE**, Fleming requests that this Court enter judgment in favor of Fleming as follows:

A.     Declaratory judgment stating that  (1) Defendant is unable to establish an essential element of its reclamation claim because the commingling of the Goods with Fleming's general inventory pool rendered Defendant's Goods untraceable and therefore incapable of return; (2) any proceeds from the sale of Goods are untraceable and therefore incapable of return; (3) the reclamation rights that Defendant has asserted are not entitled to priority under Section 546(c) of the Bankruptcy Code; (4) Defendant should take nothing on its reclamation claim in light of its inability to establish an essential element of its claim, as well as  the amount and priority of the secured loans made under the Credit Agreement; and, if the Court determines that the Defendant has established all elements of its reclamation claim, then (5) Defendant's reclamation claim is no greater than $0.00;  and (6) otherwise determining the rights of the parties and their duties and obligations with respect to the matters and things set forth in Count One above;

B.     Directing Defendant to pay to Fleming damages and remittances in an amount to be determined at trial, but in no event less than $119,691.72.

C.     Directing Defendant to pay Fleming pre- and post- judgment interest as allowed by law;

D.      Directing Defendant to pay Fleming's costs of suit, including but not limited to attorneys' fees to the maximum amount permitted by law; and

E.      Granting Fleming such other and further relief as is just and appropriate under the circumstances.

Wilmington, Delaware        Respectfully submitted,

Dated: Jan. 30, 2004        KIRKLAND & ELLIS LLP
James H. M. Sprayregen, P.C. (ARDC No. 6190206)
Richard L. Wynne (CA Bar No. 120349)
Eric C. Liebeler (CA Bar No. 149504)
Andrew E. Paris (CA Bar No. 162562)
Kirkland & Ellis
777 South Figueroa Street
Los Angeles, CA 90017
(213) 680-8400 (Telephone)
(213) 680-8500 (Facsimile)

and

PACHULSKI, STANG, ZIEHL, YOUNG, JONES &
WEINTRAUB P.C.

Laura Davis Jones (Bar No. 2436)
Ira D. Kharasch (CA Bar No. 109084)
Scotta E. McFarland (Bar No. 4184)
Christopher J. Lhulier (Bar No. 3850)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier No. 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400

## Reclamation Claims

### Bernatello's Pizza Inc

**Exhibit A**

| | |
|---|---:|
| Docketed Assertion: | $63,887.22 |
| Demand Date: | 4/2/2003 |
| Electronic Assertion Detail: | $63,887.22 |
| Untimely Assertion Adjustment: | $0.00 |
| Purchase Order Not Identified: | $0.00 |
| Product Not Received in Valid Period: | ($3,958.08) |
| Drop Shipment Deliveries: | ($2,852.15) |
| Valid Receipts: | $57,076.99 |
| Receipts Consumed By Letter Date: | ($19,417.82) |
| Setoff of Pre-Petition Deductions: | ($37,659.17) |
| Calculated Reclamation Claim: | $0.00 |

# Transfers
Exhibit B
## Bernatello's Pizza Inc

| Date | Payment ID | Amount |
|------|-----------|--------|
| 1/2/2003 | 214722 | $24,449.28 |
| 1/10/2003 | 214988 | $1,902.49 |
| 1/15/2003 | 215176 | $10,753.28 |
| 1/21/2003 | 215415 | $5,511.49 |
| 1/23/2003 | 215845 | $9,719.69 |
| 1/24/2003 | 215602 | $11,700.88 |
| 1/27/2003 | 216010 | $15,754.54 |
| 1/28/2003 | 216285 | $15,300.49 |
| 2/10/2003 | 216536 | $39,439.30 |
| 2/12/2003 | 216745 | $11,450.24 |
| 2/13/2003 | 217022 | $3,948.43 |
| 2/24/2003 | 217438 | $11,838.16 |
| 2/24/2003 | 217686 | $46,019.57 |
| 2/26/2003 | 217240 | $8,478.06 |
| 2/27/2003 | 217877 | $5,550.56 |
| 3/5/2003 | 218167 | $75,774.78 |
| 3/10/2003 | 218374 | $10,346.90 |
| 3/19/2003 | 218825 | $223.00 |
| 3/20/2003 | 219045 | $4,919.98 |
| 3/26/2003 | 219246 | $8,527.27 |
| | | **$321,608.39** |

**\* The dates marked with an asterisk above are check dates.  The Debtors believe that these payments cleared within the Preference Period.  All dates not marked with an asterisk represent payment clear dates.**

# Deductions

Exhibit C

## Bernatello's Pizza Inc

| Date | Document Number | Amount |
|------|-----------------|--------|
| **Pre Petition Deductions** | | |
| 4/19/2002 | 48526ARNB | $50.00 |
| 4/19/2002 | 48523ARNB | $50.00 |
| 4/19/2002 | 48522ARNB | $50.00 |
| 4/19/2002 | 48520ARNB | $50.00 |
| 4/19/2002 | 48521ARNB | $50.00 |
| 4/19/2002 | R48520ARNB | ($50.00) |
| 4/19/2002 | R48526ARNB | ($50.00) |
| 4/19/2002 | R48523ARNB | ($50.00) |
| 4/19/2002 | R48522ARNB | ($50.00) |
| 4/19/2002 | R48521ARNB | ($50.00) |
| 4/25/2002 | 49670ARNB | $7,500.00 |
| 4/25/2002 | R49670ARNB | ($7,500.00) |
| 5/1/2002 | MIN086635BB | $14,103.72 |
| 5/1/2002 | MIN086636BB | $12,688.56 |
| 5/1/2002 | MIN086637BB | $9,048.00 |
| 5/7/2002 | MIN086669BB | $49.28 |
| 5/16/2002 | 49271ARNB | $10,947.69 |
| 5/16/2002 | 50408ARNB | $7,623.42 |
| 5/16/2002 | 50450ARNB | $7,000.00 |
| 5/16/2002 | 48519ARNB | $702.00 |
| 5/16/2002 | 48524ARNB | $72.77 |
| 5/16/2002 | 48525BRNB | $50.00 |
| 5/16/2002 | 48524BRNB | $50.00 |
| 5/16/2002 | 48519BRNB | $50.00 |
| 5/16/2002 | 48525ARNB | $8.00 |
| 5/16/2002 | R48525ARNB | ($8.00) |
| 5/16/2002 | R48519BRNB | ($50.00) |
| 5/16/2002 | R48525BRNB | ($50.00) |
| 5/16/2002 | R48524BRNB | ($50.00) |
| 5/16/2002 | R48524ARNB | ($72.77) |
| 5/16/2002 | R48519ARNB | ($702.00) |
| 5/16/2002 | R50450ARNB | ($7,000.00) |
| 5/16/2002 | R50408ARNB | ($7,623.42) |
| 5/16/2002 | R49271ARNB | ($10,947.69) |
| 5/24/2002 | MNR050015 | $57.32 |
| 6/20/2002 | 51881ARNB | $16,500.00 |
| 6/20/2002 | R51881ARNB | ($16,500.00) |
| 6/21/2002 | MNR060012 | $78.14 |
| 6/28/2002 | CP0575171 | $30.31 |
| 6/28/2002 | CP0575171A | ($18.31) |
| 7/2/2002 | CP0577591 | $4.74 |
| 7/2/2002 | CP0577591A | ($4.74) |
| 7/8/2002 | CP0582896 | $17.58 |
| 7/8/2002 | CP0584197 | $3.58 |
| 7/8/2002 | CP0584197A | ($3.58) |
| 7/8/2002 | CP0582896A | ($5.58) |
| 7/18/2002 | 53403ARNB | $50.00 |
| 7/18/2002 | 53402ARNB | $50.00 |
| 7/18/2002 | 53401ARNB | $50.00 |
| 7/18/2002 | 53389ARNB | $50.00 |
| 7/18/2002 | R53403ARNB | ($50.00) |

## Deductions
### Bernatello's Pizza Inc

Exhibit C

| Date | Document Number | Amount |
|------|-----------------|--------|
| **Pre Petition Deductions** | | |
| 7/18/2002 | R53402ARNB | ($50.00) |
| 7/18/2002 | R53401ARNB | ($50.00) |
| 7/18/2002 | R53389ARNB | ($50.00) |
| 7/23/2002 | STMT100255 | $1,359.69 |
| 8/1/2002 | 54045ARNB | $16,500.00 |
| 8/1/2002 | 54433ARNB | $709.66 |
| 8/1/2002 | 54433REPRNB | ($709.66) |
| 8/1/2002 | R54045ARNB | ($16,500.00) |
| 10/24/2002 | STMT100579 | $587.31 |
| 1/3/2003 | MNR130035 | $17.00 |
| 3/13/2003 | 3324441 | $9.08 |
| 3/14/2003 | DSD 66344A | $2,233.28 |
| 3/14/2003 | 3607659 | $224.64 |
| 3/18/2003 | 3511247 | $42.48 |
| 3/21/2003 | 3324492 | $3.54 |
| 3/24/2003 | 3424427 | $174.72 |
| 3/25/2003 | 3511294 | $5.72 |
| 3/27/2003 | DSD 67712A | $16,500.00 |
| 3/27/2003 | 3124419 | $768.72 |
| 6/16/2003 | 68644A | $50.00 |
| 6/16/2003 | 68643A | $50.00 |
| 6/16/2003 | 68642A | $50.00 |
| | | $58,125.20 |
| **Post Petition Deductions** | | |
| 5/8/2003 | 69978A | $5,454.00 |
| 5/8/2003 | 70501B | $5,000.00 |
| 5/8/2003 | 70501A | $50.00 |
| 5/15/2003 | 70996A | $50.00 |
| 5/22/2003 | DSD 71329A | $5,000.00 |
| 5/22/2003 | DSD 71553A | $1,500.32 |
| 5/22/2003 | DSD 70927B | $50.00 |
| | | $17,104.32 |
| | | **$75,229.52** |